WILLIAM B. PHILLIPS, plaintiff in error, vs. PATTY STEW-
ART, and MARTHA STEWART, defendants in error.

[1.] The marriage of a *feme sole* defendant, pending the action, is no cause
for an abatement of the action.

[2.] The verdict must be strongly against the evidence, to authorise reversing
a judgment refusing a new trial asked for on the ground, that the verdict
was against the evidence.

Covenant, tried before Judge LAMAR.    Bibb Superior
Court, May Term, 1858.

This was an action of covenant, brought by the plaintiff
in error, against the defendants in error, for breach of the
contract of warranty set forth in the following bill of sale:
"Know all men by these presents, that we, Patty Stewart
and M. P. T. Stewart, do bargain, sell and deliver unto W.
B. Phillips, a certain negro girl named Nancy, age eighteen
years old, for the consideration of nine hundred and fifty
dollars, to us in hand paid; the right and title we do war-
rant and defend; also, warrant said girl sound and healthy,
both in body and mind.
        Macon, March 23d, 1857.
                P. H. STEWART, (SEAL.)
                MARTHA P. T. STEWART, (SEAL.)
    Test: THOS. BAGBY.

On the trial of the case it was proven that the negro,
Nancy, died about the 20th of July, 1857.    *Thos. Bagby*
swore: that he was present at the sale of the negro, and as-
sisted defendants to make the sale; the negro was a healthy
looking woman at the time of the sale, and if perfectly
sound, was worth nine hundred and fifty dollars.    The de-
fendant, Patty Stewart, told Phillips, at the time of sale, that
the negro had a cough, and that she had lately recovered
from the measles.

*F. Stubbs* swore: that two or three days after the sale, he
saw a negro woman named Nancy, about eighteen or

nineteen years old, in East Macon, at the house in which plaintiff kept negroes for sale; she was feeble and looked delicate; she had a cough; she remained there eight or ten days, and was then sent to the plantation of Phillips, in Twiggs county.

*Mr. John Hill* swore : that he had boarded at Mrs. Stewart's; knew the girl Nancy; she waited on the table, before the sale: was a remarkably fine, healthy woman; she had had the measles, though she had a slight cough at the time of the sale. Nine or ten of the inmates of Mrs. Stewart's house had the measles, and none died. Mrs. Stewart was skillful as a nurse.

*Henry D. Phillips* swore: that about the first of April, 1857, plaintiff sent to his plantation, in Twiggs county, a girl named Nancy, about eighteen years old ; witness was then overseer on the place; he put the girl to sowing cotton seed, but she became perfectly exhausted in an hour or two; witness went to her; she complained much of her head, and breast and breathed with much difficulty; her pulse was fluttering, and her breast beat so as to be perceptible to the eye; she did not work in the field any more, but stayed about the house; had a continued hacking cough; breathed so loud as to be heard all over the house; coughed most at night; expectorated a great deal of mucus; witness received from Phillips instructions to take good care of her, and not to put her to hard work until she got well, but to take good care of her; she was well cared for until witness left the place (on the 14th of June, 1857); but kept getting worse all the time.

*John S. Williams*, who commenced overseeing for plaintiff the 11th of June, 1857, corroborated the foregoing statement as to Nancy's condition at that time; she never was able to do any work after witness went on the plantation; sometimes she would set the table, and sweep up the house, but she soon became unable to do that; she expectorated a great deal of mucus, and sometimes coughed up blood; she was complaining all the time; witness called Dr. Rice in to

see her, but he afforded her no relief; witness took good care of her; she left the place about the 1st July, 1857.

*Dr. Hammond* testified; that he was called in to see Nancy, eight or ten days before she died; made a *post-mortem* examination of her; the right lung was hepatized, and the left inflamed; was of the opinion she died of disease of the lungs, resulting from an attack of measles, and that she must have been affected by the disease some three or four months before her death. The condition of the lungs may have been produced in a shorter time. The left lung had an adhesion that is usually the result of inflammation arising from exposure, or cold. Measles have, generally, some cough, and when attended to, are generally within the control of medical treatment. Witness heard the foregoing testimony, and thinks the girl ought to have received medical treatment before she got it; plaintiff consulted witness about her, sometime before witness saw her; told plaintiff she was dangerous, and ought to be brought up to Macon to be attended to; saw the girl first, eight or ten days before her death; if she had the symptoms of breathing described by the overseer, Phillips, thinks the case had then progressed so far as to be incurable. If the girl, when healthy and strong, in appearance, as described by Hill, had received proper medical treatment, thinks she might have recovered; death from measles or their effects being rare. The best of treatment, however, sometimes fails in such cases.

Here the testimony closed, and the jury found a verdict for the defendants.

One of the defendnats, Martha P. T. Stewart, was married pending the suit. The marriage was never suggested of record, nor was her husband made a party to the suit. Neither plaintiff, nor his counsel, knew of the marriage, until after the rendition of the verdict.

Plaintiff moved for a new trial.

1st. Because the verdict was contrary to law, and contrary to evidence.

2d. Because the aforesaid marriage was never suggested of record, nor the husband, H. S. Groves, made a party to the suit.

The Court below refused to grant the new trial, and plaintiff exeepted.

STUBBS & HILL, for plaintiff in error.

LANIER & ANDERSON ; LOCHRANE & LAMAR, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

Ought this Court to disturb the judgment of the Court below, overruling the motion for a new trial ?

[1.] The first ground of that motion, was, that one of the defendants, a *feme sole* at the commencement of the suit, married before the trial, and that this fact was at the trial unknown to the plaintiff. But such a fact, is not even a ground for a plea in abatement. 1 *Saund. Ple. and Ev.* 7; *King vs. Jones,* 2 *Lord Ray.* 1525.

[2.] The second ground was, that the verdict was contrary to law and evidence.

We think, that there was evidence sufficient to support the verdict. The evidence made it doubtful, whether the death of the slave was not owing to the negligence of the purchaser in not supplying seasonable medical aid to the slave ; and also made it doubtful, whether, the disease was not open and notorious—whether, indeed, it was not actually pointed out to the purchaser at the time of his purchase.

Judgment affirmed.